### Petition of COVELLI.

District Court, S. D. New York. May 18, 1927.

#### No. 2270.

Aliens ⬥62(3)—Alien held not to have established continuous residence, which entitled him to naturalization.

Continuous residence of an alien in the United States for five years *held* not established, where his family had gone to Italy, where they were living and had been for the past eight years, and in the meantime he had twice sold out his business here and joined them, remaining away an aggregate of more than two years.

Naturalization. Petition of Philip Covelli for admission to citizenship. Denied.

AUGUSTUS N. HAND, District Judge. From the agreed statement of facts it appears: That Covelli arrived in the United States in 1904, and married in New York City in 1911. That he and his wife resided together in New York City continuously from the time of their marriage until 1919, and during that interval three children, issue of the marriage, were born in New York City. In November, 1919, Covelli's wife and family went to Italy because of the wife's health, but never returned to the United States, and are still residing in Italy. On August 15, 1920, Covelli left the United States to visit his family in Italy. Shortly before his departure he sold his coal and ice business to a cousin, and turned over his household furniture and effects to a sister-in-law, who resides in New York City, and all of his furniture and household effects have ever since then remained in the possession of his sister-in-law. Covelli returned to the United States after an absence of seven months, arriving at New York on March 27, 1921. Shortly after his departure from Italy, his wife gave birth to a fourth child, which has never been in the United States.

Immediately after Covelli's arrival in New York in March, 1921, he again engaged in the coal and ice business; but in November, 1922, upon receiving word that his father was very ill in Italy, he again sold his coal and ice business to another cousin, withdrew all his funds from the bank (part of which he loaned to a relative here), and again went to Italy on November 15, 1922. His father died December 10, 1922, leaving an estate, consisting of a farm, which was then worth about $3,600. His deceased father's will provided that one-third of the property should go to his wife, and the remaining two-thirds to his six children; Covelli's individual share being about $400. There were differences among the surviving children as to the division of the land, which were not adjusted until February, 1924, when a settlement was finally made, at which time Covelli received about $480 as his share. He finally returned to the United States on May 12, 1924.

Covelli's absence from the United States on the two trips hereinbefore referred to amounted in the aggregate to two years and one month. While abroad on the first visit, he did not work, but supported himself and his family on his savings; but during his absence on the second trip abroad he worked on the farm which his father had owned.

The petition in this case should be denied. The applicant's wife and family have lived abroad for eight years. During that period he has been absent for more than two years, and each time he left sold out his business in this country. It is hardly to be supposed that a person would stay abroad for 18 months in order to obtain a legacy of about $400, when almost any imaginable earning capacity here would have yielded much more. I conclude that he has had no steady purpose to reside in this country since his family left here; his stay has been intermittent, and in each case he has, as it were, burnt his bridges before leaving. Continuous residence is not established.